UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 21 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| RICHARD GRAY, | ) |
| Plaintiff, | ) |
| | ) Case: 1:15-cv-01364 |
| v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 8/21/2015 |
| VENITA JOHNSON, *et al.*, | ) Description: FOIA/Privacy Act (I) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff purports to bring this action under the Privacy Act, *see* 5 U.S.C. § 552a, against the Lyons County, County District Court and its Clerk, Venita Johnson. He alleges that, with respect to a civil action he filed in the Lyons County District Court, defendants "altered [his] name . . . to match the name of a defendant in another case," *id.* ¶ 16, and cancelled a hearing in his case after having failed to locate and serve the named defendant, *see id.* ¶¶ 13, 17. Thus, he asserts, "defendants failed to keep accurate and truthful records which resulted in an adverse effect" on him. Compl. ¶ 21. Plaintiff demands damages of $686.93, "any further expenses needed to travel to any proceeding involving [this] matter," court costs, and punitive damages of $25,000. *Id.* at 3 (page number designated by the Court).

The Privacy Act authorizes claims against federal government agencies, including executive departments. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006);

*see also Brown v. Kelly*, No. 93-5222, 1994 WL 36144, at *1 (D.C. Cir. Jan. 27, 1994) (per curiam) ("The Privacy Act applies only to agencies which are authorities of the government of the United States."). Accordingly, "[t]he only proper defendant in an action under the Privacy Act is the agency maintaining the challenged record." *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 27 (D.D.C. 2011) (internal quotation marks and citations omitted). It does not apply to individuals, or to state government entities. *See, e.g., Earle v. Holder*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012) (per curiam); *Martinson v. Violent Drug Traffickers Project*, No. 95-2161, 1996 WL 411590, at *2 (D.D.C. July 11, 1996), *aff'd sub nom. Martinson v. DEA*, Nos. 96-5262, 96-5276, 96-5367 & 97-5059, 1997 WL 634559 (D.C. Cir. Sept. 22, 1997) (per curiam).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/20/15

_____
United States District Judge